UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------ X

UNITED STATES OF AMERICA,                :

      -against-                                           :           Cr. No. 09-168 (S-1) (JFB)

MICHAEL ROMANO,                                  :
WILLIAM KEARNEY,
MICHAEL SCOTT SCHUTZMAN,
                                                :
      Defendants.
------------------------------------------------ X

## MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANT MICHAEL SCOTT SCHUTZMAN'S MOTION
## FOR THE TRANSCRIPTS OF CERTAIN GUILTY PLEAS TO BE UNSEALED

SCHIFF HARDIN, LLP
900 Third Avenue, 23rd Floor
New York, NY 10022
(212) 753-5000

*Attorneys for Defendant*
*Michael Scott Schutzman*

## PRELIMINARY STATEMENT

Michael Schutzman has been charged, in a two count indictment, with participating in a conspiracy to commit mail fraud and money laundering. These charges are based upon allegations that Mr. Schutzman and others sold coins which had inflated grades and values.

It appears that a number of salesmen have entered guilty pleas under seal. It is respectfully submitted that the government cannot satisfy the heavy burden of establishing that the sealing of these guilty plea proceedings is justified.

## STATEMENT OF FACTS

On March 24, 2009, a grand jury returned an indictment against Michael Romano, William Kearney, Jason Mosca, and Jarrett Stretch. On April 20, 2010, the government obtained a superseding indictment, adding Michael Schutzman as a defendant.

Docket entries reveal that Jason Mosca, Jarrett Stretch, and perhaps other salesmen have entered guilty pleas. There have been no docket entries pertaining to Jason Mosca since February 2, 2010. Docket entries for Jarrett Stretch reflect that sometime after February 8, 2011, when this Court entered an order authorizing Magistrate Judge Kathleen Tomlinson to take Jarrett Stretch's guilty plea (Docket No. 208).

## **ARGUMENT**

<u>The Legal Standard</u>

When deciding whether to unseal documents, this Court must balance two competing concerns. On the one hand, the Second Circuit has held that the public has a First Amendment "right of access to plea hearings and to plea agreements." *United States v. Haller,* 837 F.2d 84, 86-87 (2d Cir. 1988); *see also United States v. Alcantara,* 396 F.3d 189, 196 (2d Cir. 2005) citing *Washington Post v. Robinson,* 935 F.2d 282, 288 (D.C. Cir. 1991) ("In accord with the rulings of our sister Second Fourth, and Ninth Circuits, we now find that plea agreements have traditionally been open to the public and public access to them enhances both the basic fairness of the criminal [proceeding] and the appearance of fairness so essential to public confidence in the system. Therefore, there is a First Amendment right of access to them.")). This right of access is a qualified one that may be overcome where the Court makes "specific, on the record findings . . . demonstrating that closure[or sealing] is essential to provide high values and is narrowly tailored to serve that interest." *Alcantara, 396 F.3d at 199(quoting* haller, 837 F.2d at 87, quoting *press Enterprise Co. v. Superior Court,* 478 U.S. 1, 13-14, 106 S.Ct. 2735 (1986)). In the final analysis, however, the Court's power to seal to preserve "higher values" is "one to be very seldom exercised, and even then only with the greatest caution, under urgent circumstances, and for very clear and apparent reasons," *Alcantara, 396 F.3d at 192.*

The Second Circuit has reconciled those two competing interests by setting forth a four-prong test to determine whether the sealing of proceedings is justifiable:

> First , the district court must determine, in specific findings made on the record, if there is a substantial probability of prejudice to a compelling interest of the defendant, government, or third party, which closure would prevent. Second, if a substantial probability of prejudice is found, the district court must consider whether reasonable alternatives to closure cannot adequately protect the compelling interest that would be prejudiced by public access. Third, if such alternatives are found wanting, the district court should determine whether, under the circumstances of the case, the prejudice to the compelling interest overrides the qualified First Amendment right of access. Fourth, if the court finds that closure is warranted, it should devise a closure order that, while not necessarily the least restrictive means available to protect the endangered interests, is narrowly tailored to that purpose.

*United States v. Doe,* 63 F.3d 121, 128 (2d Cir. 1995)(internal citations, quotation marks and punctuation marks omitted).

The party moving to seal a document (or to maintain it under seal) bears the burden of establishing that sealing is warranted. The more extensive the closure requested, "the greater must be the gravity of the required interest and the likelihood of risk to that interest" to justify sealing. *Ayala v. Speckard,* 131 F.3d 62, 70 (2d Cir. 1997).

The issue before the Court is whether the government can meet its burden of establishing that public disclosure of the guilty pleas of salesmen who worked at Wall Street Rare Coins, Inc., Atlantic Coin Galleries, Inc., Northeast Gold and Silver, Inc.. create a substantial probability of prejudice such that the public's right of access must give way to protect these interests. *See United States v. Zazi,* 2010 WL 2710605 (EDNY 2010)(district court ordered disclosure of cooperation agreements of two individuals who were cooperating in ongoing investigation of al-Qaeda). It is respectfully submitted that the government cannot demonstrate, in the context of an investigation that is completed, any prejudice justifying the sealing of plea proceedings.

3

## CONCLUSION

For all the foregoing reasons, the defendant, Michael Scott Schutzman, respectfully requests that the Court grant his motion, and order that the proceedings pertaining to the guilty pleas of any salesmen who worked at Wall Street Rare Coins, Inc., Atlantic Coin Galleries, Inc., and Northeast Gold and Silver, Inc. be unsealed.

Dated: February 22, 2010

Respectfully submitted,

SCHIFF HARDIN LLP
900 Third Avenue
New York, N. Y. 10022
(212) 753-5000

Attorney for Defendant
Michael Scott Schutzman

By: /s/ Patricia A. Pileggi
Patricia A. Pileggi
Kellen Ressmeyer
SCHIFF HARDIN LLP
900 Third Avenue
New York, N. Y. 10022
Attorneys for Defendant
Michael Scott Schutzman

NY\50946102.1

4