

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*United States Attorney's Office*

*610 Federal Plaza*
*Central Islip, New York 11722-4454*

February 28, 2011

**VIA ECF**
The Honorable Joseph F. Bianco
United States District Court Judge
Eastern District of New York
924 Federal Plaza
Central Islip, NY 11722

      Re:  United States v. M. Romano, et al.
           CR 09 168 (S-2)(JFB)

Dear Judge Bianco:

      Please accept this letter as the government's reply motion on the issue of preclusion of a "disclaimer" defense in the instant matter.[1]

      The investigation in this matter revealed that, after selling overgraded and overvalued coins using a variety of material misrepresentations, the defendants mailed the victims coins accompanied by an invoice which contained a purported disclaimer as to the grade and value of the coins purchased.

      By letter dated November 19, 2010, the government moved to preclude a "disclaimer" defense/evidence of the disclaimer on the grounds that the defendants utilized these disclaimers as an attempt to immunize their intentional fraudulent activity from criminal liability as they knew full well that the grades assigned to the coins were not honest, good faith, and accurate representations of fact. Similarly, the government argued that the terms of the disclaimer were not communicated or conveyed to the victims until after the victims had purchased the coins, at which time the fraud was already complete. The government relied

---

[1] Perhaps the government's motion should have been more artfully worded as requesting preclusion of "disclaimer" evidence.

2

principally upon Judge Spatt's decision in <u>United States v. Numisgroup Int'l Corp.</u>, 170 F. Supp. 2d 340 (E.D.N.Y. 2001), in which Judge Spatt held, in the context of a Rule 29 motion that, "the existence of [a] disclaimer clause...cannot preclude a criminal conviction, as a matter of law." <u>Id.</u> at 352.

In their response, the defendants concede that a disclaimer is not a defense to fraud, however, they argue that evidence of the existence of a disclaimer is relevant as it is evidence of "the defendants' effort to warn customers of the specific risk that coin grading services may grade their coins at a lower level than the grade on the invoice." Def. Memo at p. 3. Further, the defendants argue that, in the <u>Numisgroup</u> case, the "disclaimer" evidence was properly before the jury, and that it was considered and rejected by Judge Spatt on the issue of the defendants' intent in the context of a Rule 29 motion concerning the sufficiency of the evidence. Def. Memo at p. 3.

The defendants also cite <u>United States v. Leonard</u>, 350 Fed. Appx. 480, 2009 WL 3161359 (2d Cir. Oct. 2, 2009), arguing that in that case, while the Court held that a risk disclaimer alone could not salvage an otherwise fraudulent material statement, the Court did not hold that the risk disclaimer was irrelevant or inadmissible. Def. Memo at p. 3.

Rule 401 of the Federal Rules of Evidence advises that "relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Rule 403 of the Federal Rules of Evidence provides for the exclusion of relevant evidence "if its probative value is substantially outweighed by the danger of confusion of the issues or misleading the jury..."

The government submits that introduction of disclaimer evidence to demonstrate "the defendants' effort to warn customers of the specific risk that coin grading services may grade their coins at a lower level than the grade on the invoice" is both irrelevant and misleading.

In <u>Numisgroup</u>, the disclaimer evidence was offered at trial on the issue of intent to deceive, and in <u>Leonard</u>, the risk disclaimer evidence was offered on the issue of materiality. In this case, the defendants purported rationale for introduction of this disclaimer evidence is apparently to warn customers that other coin grading services may grade the coins lower, which, in essence,

3

is probative of nothing. In actuality, it appears that this evidence is being offered to allow the argument that the customers were warned, knew the risk and kept buying the coins, thus relieving the defendants of any responsibility for their stated misrepresentations. In sum, the evidence has no probative value and may mislead the jury into believing that a disclaimer is a defense to fraud, thus this evidence should be precluded.

Thank you for your consideration.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By: *Lara Treinis Gatz*
Lara Treinis Gatz
Assistant U.S. Attorney
(631) 715-7913

cc. Maurice Sercarz, Esq.
    Michael Bachner, Esq.
    Patricia Pileggi, Esq.