

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*United States Attorney's Office*
*610 Federal Plaza*
*Central Islip, New York 11722-4454*

March 11, 2011

**By ECF**

The Honorable Joseph F. Bianco
United States District Court Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

       Re:   United States v. Michael Romano, et al.
            CR 09 168 (S-2)(JFB)

Dear Judge Bianco:

     The government respectfully submits this letter in opposition to the pretrial motion of defendants Michael Romano and Michael Schutzman (the Defendants) seeking the unsealing of "guilty plea proceedings of any coin salesman employed by Wall Street Rare Coins, Inc., Atlantic Coin Galleries, Inc., and Northeast Gold and Silver, Inc." (ECF Docket No. 216).  For the reasons set forth below, the Defendants' motion should be denied.

I.   Facts

     The two-count superseding indictment (the "indictment"), filed on November 10, 2010, charges Defendants with mail fraud conspiracy and money laundering conspiracy arising from their operation of an illegal coin "boiler room" over a period of approximately eighteen years, at three different companies, in three different locations.

     The charges in the indictment stem from a long term investigation by the United States Postal Inspection Service into the activities of Wall Street Rare Coins, Inc.; Atlantic Coin Galleries, Inc.; and Northeast Gold and Silver, Inc. ("Subject Companies").  As alleged in the indictment, the investigation revealed that the Defendants conspired to devise and implement a scheme to defraud coin purchasers of money and property by the sale of coins at highly inflated prices by means of false and fraudulent representations regarding the grade and value of the coins

2

purchased, as well as other misrepresentations to induce the purchase of the coins, and that the Defendants conspired to launder the proceeds of their illegal activity.

During the course of this investigation, one or more defendants have pled guilty pursuant to cooperation agreements. The transcripts of those plea hearings are currently sealed. Defendants Romano and Schutzman now seek an order unsealing the "guilty plea proceedings of any coin salesman employed by Wall Street Rare Coins, Inc., Atlantic Coin Galleries, Inc., and Northeast Gold and Silver, Inc." For the reasons set forth below, the Defendants' motion should be denied.

II.  Argument

Sealing Of Plea Transcripts Is Appropriate Because Of The Risk That Witnesses Will Be Subjected To Pressure or Intimidation

The government opposes unsealing the guilty pleas of any former employees of the Subject Companies because two of the defendants, Michael Romano and William Kearney, have used intimidation in an attempt to deter former salespeople from cooperating with the government's investigation and prosecution.

"Public and press have *qualified* First Amendment right of access to plea proceedings." U.S. v. Alcantara, 396 F.3d 189, 196 (2d Cir. 2005)(citing U.S. v. Haller, 837 F.2d 84, 86-87 (2d Cir. 1988)(emphasis added). The prophylactic purpose of this right to public access of plea hearings is for the public to feel confident in the work of prosecutors and judges and to act as a check on the judicial system. See, e.g., Alcantara, 396 F.3d 189; Press-Enterprise II v. Superior Court, 478 U.S. 1; U.S. v. Doe, 63 F.3d 121 (2d Cir. 1995); Haller, 837 F.2d 84.

In order to determine if a motion for closure should be granted the record must prove that there is "substantial probability of prejudice to a compelling interest of the defendant, government, or third party, which closure would prevent." See U.S. v. Doe, 63 F.3d at 128 (citing Press-Enterprise II, 478 U.S. at 9 n. 2, 13-14) (internal citations omitted). If there is a substantial probability of prejudice, closure cannot be granted if there is a reasonable alternative that will adequately protect the compelling interest that risks being prejudiced by public access. Press-Enterprise II, 478 U.S. at 14.

On June 17, 2009, Jarrett Stretch (Stretch) met with members of the United States Attorney's Office. During that meeting, Stretch advised the government that two of his

codefendants, Michael Romano and William Kearney, were pressuring him not to cooperate with the government's investigation.  Stretch stated in sum and substance that:

> he was currently being pressured by Romano and Bill Kearney to refrain from cooperating in the investigation and was told that he should allow Romano and Kearney to "take care of it."  Romano and Kearney also tried, through him, to get Jason Mosca (Mosca) to come "on board" with them.

June 17, 2009 Memorandum of Interview of Jarret Stretch

      This information reveals that Romano and Kearney have attempted to prevent witnesses from cooperating with the government's investigation and solicited help to insure that at least one other witness would not cooperate with the government's investigation.

      These efforts give the government reasonable grounds for concern that, should the court unseal the transcripts of any employees of the Subject Companies, Romano and Kearney would continue their efforts to pressure and intimidate witnesses from offering cooperation.  Similarly, there are legitimate concerns that Romano and Kearney will continue to pressure others to assist in their efforts to intimidate any identified cooperating witnesses to prevent further cooperation.

III. Conclusion

      For the foregoing reasons, the Court should deny Defendants' motion seeking the unsealing of guilty pleas of any former employees of the Subject Companies.  In the alternative, should the Court decide to unseal these plea agreements, the government requests that the Court modify the terms and conditions

4

of the defendants' release to prohibit communication with any codefendants or coconspirators, except in the presence of counsel.

                Respectfully submitted,

                LORETTA E. LYNCH
                United States Attorney

By:  /s/ Thomas M. Sullivan
     Thomas M. Sullivan
     Lara Treinis Gatz
     Assistant U.S. Attorney
     (631) 715-7865/7913

cc.  Clerk of Court (JFB)
     Counsel of Record (by Electronic Mail)