

666 FIFTH AVENUE, 17TH FLOOR
NEW YORK, NEW YORK  10103
t 212.753.5000
f 212.753.5044
www.schiffhardin.com

Patricia A. Pileggi
212-745-0839
ppileggi@schiffhardin.com

November 3, 2011

Honorable Joseph F. Bianco
United States District Court Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York  11722

Re:   United States v. Michael Schutzman
      09 CR 168 (S-1)(JFB)

Dear Judge Bianco:

This letter is written in response to the Government's Sentencing Memorandum, dated November 1, 2011. The sole area of disagreement between the defendant and the Government relates to the applicability of the "vulnerable victim" enhancement. It is our position that the customers were not vulnerable, as that term has been defined by the Second Circuit, and that they were not targeted by Mr. Schutzman because of any unusual vulnerability. Therefore, the total Offense Level is Level 9, within Zone B, and a non-custodial sentence may be imposed without a downward departure from the Sentencing Guidelines Offense Level.

Commendably, after an investigation that began in September of 2007 and after a *Daubert* hearing pertaining to Michael Schutzman's mental disability, the Government agreed that it would not oppose a downward departure motion and that a sentence within Zone B of the Sentencing Guidelines is reasonable. The Government has also agreed that a minimal role adjustment, pursuant to U.S.S.G. 3B1.2(a), is appropriate because of Michael's disability. The Probation Department agreed with the minimal participant role adjustment, after reviewing the experts' reports, noting that Michael's impaired mental health hindered his ability to fully comprehend the effects of his actions, made him gullible to pressure from his supervisors and less culpable than other participants. He followed a script that was provided by his supervisors without understanding the ramifications of his actions. Addendum to Pre-Sentence Report, Paragraph 26. We respectfully submit that, for the same reasons that the minimal role adjustment is appropriate, the vulnerable victim enhancement should not apply. Even if the Court determines that certain customers were vulnerable, Michael did not understand that to be the case. We continue to maintain, however, that the customers were not vulnerable as that term has been defined by the Second Circuit.



Honorable Joseph F. Bianco
November 4, 2011
Page 2

In support of its argument that the vulnerable victim enhancement should be applied, the Government focuses on Michael Schutzman's interactions with Sharon Oldham, noting that she was a widow and a repeat customer. The Second Circuit has cautioned, however, that the inquiry into vulnerability "explores individual attributes, broad generalizations about victims based upon class are discouraged." *United States v. Crispo*, 306 F.3d 71, 83 (2d Cir. 2002). *See also United States v. Fosher*, 124 F.3d 52, 56 (1st Cir. 1997)(rejecting district court's assumption that 62 year old woman was unusually vulnerable due to age), *United States v. Tissnolthotos,* 115 F.3d 759, 761-62 (10th Cir. 1997)(unwilling to find 71 year old victim particularly vulnerable due to age alone). *United States v. Harris*, 306 F.3d 71 (2d Cir. 2002), relied upon by the Government for the proposition that widows are vulnerable, demonstrates the type of individualized inquiry which must be conducted to determine whether an individual can be characterized as vulnerable. In that case, the defendant, an attorney, solicited his sister-in-law to put money into a fraudulent real estate investment at her husband's funeral. Under those circumstances, the Second Circuit found that the sister-in-law was particularly vulnerable at the the funeral to statements made by her brother-in-law, an attorney.

The Second Circuit has also cautioned that gullibility and repeat purchases, standing alone, do not demonstrate vulnerability. *See United States v. Dupree*, 462 F.3d 131, 146 (2d Cir. 2006)("successfully asking a fraud victim for additional money does not itself demonstrate that the victim is especially vulnerable"). The Circuit has directed that the focus should not be on the extent of the harm but on "the extent of the individual's ability to protect himself from the crime." *United States v. Dupre,* 462 F.3d at 144. Sharon Oldham, who is employed as a respiratory therapist, researched what she was told by checking out books from the local library and the university library, and by reviewing other dealers' coin sites on the internet. She wanted to verify that the value attributed to the coins, in light of the grade of the coins, was accurate. (T. 1316).

Once the Court has determined that a customer is, in fact, vulnerable, the Court must next ascertain whether a defendant knew that the customer was vulnerable. "The defendant generally must have singled out the vulnerable victims from a larger class of potential victims." *United States v. Kerley*, 544 F.3d 172, 180 (2008). In *Kerley*, the Second Circuit held that the vulnerable victim enhancement was inappropriate in a case involving the failure to make child support payments where the wife was a recent immigrant, without financial resources or family support, and one of the children was disabled. In reaching its decision, the Second Circuit noted that there was no evidence that the defendant "knew or should have known of the disability or that Kerley targeted her because of the disability."

In this case, Michael Schutzman did not select any of his customers. His supervisors provided him with lists of individuals to call. His bosses told him to keep calling



Honorable Joseph F. Bianco
November 4, 2011
Page 3


these individuals and to disregard anything that the customers said because "buyers are liars." He lacked the ability to determine whether any of the customers were <u>unusually</u> vulnerable or <u>particularly</u> susceptible. *See* U.S.S.G. § 3A1.1 cmt. n. 2. Michael only contacted these individuals by telephone; he did not have any personal contact with his customers. Prior to calling the customers, he knew nothing about them.

We respectfully submit that the customers in this case were not vulnerable and that Mr. Schutzman did not perceive them to be vulnerable. Accordingly, a non-custodial sentence is not only appropriate, it may be imposed without departing from the applicable Sentencing Guidelines Level.

Respectfully submitted,

Patricia A. Pileggi

PAP:ad
cc: Lara Treinis Gatz
Christopher Ott
Assistant U.S. Attorneys

Amrita Ashok
U.S. Probation Officer


NY\51079836.1